`IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO.: 6:12-02536-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| $5,168 IN UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant *In Rem*. | ) | |

ORDER GRANTING DEFAULT JUDGMENT,
AND GRANTING JUDGMENT AND FINAL DECREE OF FORFEITURE

This *in rem* forfeiture action was initiated through a complaint for forfeiture *in rem* filed by the United States on      September 12, 2012.  It concerns $5,168  in United States currency (the "Defendant Currency"), which was seized on April 3, 2012, by the Drug Enforcement Administration.  The complaint alleges, *inter alia*,  that the Defendant Currency constitutes or is traceable to proceeds involved in trafficking of illegal drugs, or that the Defendant Currency was used or intended to be used to facilitate such offenses; and, that the Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), and 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

Based upon matters of record in this case, it appears that  the notice of forfeiture and complaint were served upon the known potential claimant, Tavares Andrel Norman, and Norman's attorney in the related non-judicial forfeiture action, John Michael D. Barclay.; that the known potential claimant is not serving in the armed forces of the United States, and is not an infant or incompetent person; that publication has been lawfully made in this matter; that lawful notice was given to all potential claimants, known or unknown, either through direct notice or by publication; that no claims, answers, or other pleadings have been filed in

Order, p. 1 of 3

response to such notice; that no extensions to the applicable time limits have been requested, consented to, or granted by the court; and, that the clerk has entered default, pursuant to Rule 55(a), Fed. R. Civ. P.  Accordingly, the court finds and concludes as follows:

1.     That process was lawfully executed in this action and returned according to law;

2.     That the Defendant Currency was lawfully arrested pursuant to the warrant of arrest *in rem*, pursuant to Rule G(3);

3.     That public notice of this forfeiture action was lawfully made on an official government internet forfeiture website for a period of at least 30 consecutive days, pursuant to Rule G(4)(a)(iv)(C);

4.     That the known potential claimant, Tavares Andrel Norman, has received direct notice of this forfeiture action, pursuant to Rule G(4)(b);

5.     That Tavares Andrel Norman has failed to file a claim, answer, or other responsive pleading, as required by Rule G(5);

6.     That Tavares Andrel Norman is not serving in the armed forces of the United States, and is not an infant or incompetent person;

7.     That all other potential claimants were duly notified of the proposed forfeiture through publication, pursuant to Rule G(4)(a); and,

8.     That no other person or entity has filed a claim, answer, or other responsive pleading within the time fixed by law.

NOW THEREFORE, based upon the above findings, and the court being otherwise fully advised, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.     All persons claiming any right, title or interest in or to the Defendant Currency are hereby held in default, and any right, title, or interest in the Defendant Currency on the part of any potential claimants are extinguished and forever barred.

Order, p. 2 of 3

2.     Default judgment shall be entered by the clerk against all potential claimants to the Defendant Currency, and in favor of the United States.

3.     Pursuant to 21 U.S.C. § 881(a)(6), and 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C), the Defendant Currency is hereby forfeited, condemned, quit-claimed and abandoned to the United States of America.

4.     Clear title in and to the Defendant Currency is vested in the United States of America, and no other right, title or interest exists therein.  All other claims to the Defendant Currency are hereby forever foreclosed and barred.

5.     The Defendant Currency forfeited herein shall be disposed of by the United States as authorized by law.

IT IS SO ORDERED.


s/Timothy M. Cain
TIMOTHY M. CAIN
UNITED STATES DISTRICT JUDGE

February 6, 2013
Anderson, South Carolina